UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
SEP 29 2006
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re ) Case No. 05-26945-C-7
)
YOLANDA PATINO ) MC No. MDE-1
)
)
Debtor. )
_____ )

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).



## Findings of Fact

Debtor filed their voluntary chapter 7 petition on June 7, 2005. She scheduled a 2003 GMC Sonoma Extended Cab ("vehicle") as property of the estate. The first meeting of creditors was held on July 12, 2005. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtor. Debtor was discharged from all dischargeable debts on December 16, 2005.

On August 10, 2006, Capital One Auto Finance, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $15,130.00. Movant holds a lien on the vehicle in the approximate amount of $19,036.44. There is no evidence of any other liens against the vehicle.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1). The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue. See L. Bankr. R. 9014-1(f)(1). The evidentiary record is closed. Id.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor *in personam*

and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtor does not appear to have any equity in the vehicle, since the debtor was granted a discharge, the automatic stay has expired as to the debtor. Thus, the motion insofar as it is directed at the interest of the debtor is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: September 29, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Yolanda Patino
4277 63rd Street, #3
Sacramento, CA 95820

Candace Y. Brooks, Esq.
455 University Ave., #100
Sacramento, CA 95825

Mark D. Estle
The Estle Law Firm
12520 High Bluff Drive, Suite 265
San Diego, CA 92130

Stephen M. Reynolds
P.O. Box 1917
Davis, CA 95617

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 10-2-06

_____
Deputy Clerk